Remarks of Court.

and keep Porto Rico abreast of the other ninety Federal judicial districts of the United States. `

---

## JOSÉ D. PADILLA, Plff.;

*v.*

## ALBERT E. LEE, Dft.

---

San Juan, Law, No. 1283.

FOOD ADMINISTRATION.

Food Commissioner—Fine.
> 1. The private exaction of money by a man does not become a Federal offense because the man is also a Federal official.

General Demurrer—Jurisdiction.
> 2. While the court need not consider general demurrers, it will consider matters of jurisdiction, however raised.

Food Commissioner—Closing Bakery.
> 3. The food commissioner being authorized to revoke licenses, he must by implication also have the right to a bakery whose license is revoked.

Opinion filed August 7, 1919.

---

*Mr. E. H. Dottin* for plaintiff.

*Messrs. H. Brown* and *M. M. Martin* for defendant.

Padilla v. Lee.

HAMILTON, Judge, delivered the following opinion:

This is a suit against Albert E. Lee, Federal food administrator for Porto Rico, but apparently plaintiff seeks judgment against him individually.

1. The first cause of action is for inflicting a fine of $500 upon the plaintiff, a baker in Arroyo, which the plaintiff did not oppose at the time because the United States were at war. The complaint does not state to whom the fine was paid, and, although alleging that the amount involved exceeds $3,000, does not show anything involved above the $500. The allegations of the complaint are that this fine was imposed by the defendant Lee while exceeding the limit of his authority and without due process of law. If a Federal question is involved or a constitutional right denied, the amount in controversy would not be material. As alleged, however, the complaint in its first cause of action is for an improper exaction of $500 by a man who was food commissioner, beyond the scope of his duties and powers. If this court is to hold that any private exaction by a man who is also a Federal official is without due process of law and therefore within the jurisdiction of this court, there would soon result an extension of the functions of Federal courts analogous to that by which the Court of Exchequer in England under the fiction of the King's debtor brought so many matters within the jurisdiction of the national courts. It is not alleged that the amount was paid to the defendant, or that the defendant got the benefit of it. On the whole it would appear that the jurisdiction of this court is not shown.

2. It is true that this is not specifically set up in the de-

Padilla v. Lee.

murrer, which would seem to be in the nature of a general demurrer not sanctioned by the practice of this court. The point above raised, however, is jurisdictional and should therefore be passed on. The objection that the demurrer is general is not raised by the plaintiff, and as the matter affects a branch of the national food administration it would seem better to consider the point involved.

3. The second cause of action mentions the $500, but is based especially on the charge that the food commissioner closed the bakery without authority, and that this inflicted $5,000 damages upon the plaintiff. It may be questioned whether this result follows. The law, regulations, and práctice as set out in the complaint show that the food commissioner was authorized to revoke licenses, and that he did so in this particular case. Revoking a license to carry on a business would seem to involve the right to close up the business when the license was revoked. There would be very little scope for a law which revoked a license and allowed the business to go on. As the case is now presented, the second cause of action is also subject to demurrer, and the demurrer therefore will be sustained.

It is so ordered.